

# THE ATTORNEY GENERAL
# OF TEXAS
### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

February 10, 1958

Mr. William A. Harrison
Commissioner of Insurance
International Life Building
Austin, Texas

Dear Mr. Harrison:

Opinion No. WW-362

Re: "Whether it is necessary to
increase capital stock deposit
under Article 3.15, Texas In-
surance Code, when the actual
capital stock of a company is
increased by charter amend-
ment, and related questions."

We quote from your letter of December 16, 1957, requesting
the opinion of this department on the above stated question as follows:

"Assume that a company with $100,000 capital exer-
cises its option under Article 3.15, and voluntarily de-
posits with the treasurer securities in the amount of
$100,000, and subsequently the company amends its arti-
cles of incorporation to increase its capital stock to
$250,000. We respectfully request your opinion as to
whether it is necessary for the company, having once
exercised its option and made the capital deposits called
for in Article 3.15, to make additional deposits with the
State Treasurer under Article 3.15 in an amount to the
increase of its capital.

"Assume that a company has a capital of $250,000 and
voluntarily makes a $250,000 capital deposit with the
State Treasury in accordance with Article 3.15. Subse-
quently, the company reduces its capital to $100,000. We
respectfully request your opinion as to whether the com-
pany could then withdraw from the State Treasury $150,000
of its capital deposit, without submitting in lieu there-
of other securities of a like class, or of an equal amount.
In other words, could the company then maintain only a
capital deposit of $100,000 rather than $250,000?

"In each of our first questions, assume that at the
time of increase or reduction in capital, the company had
outstanding liabilities to its policyholders in this state.

"If your answer to our first question is in the nega-
tive, we respectfully request your opinion as to whether a
company which had originally made a voluntary deposit and

subsequently increased its deposits at the request of the State Board of Insurance, after it had increased its capital stock, could withdraw the subsequent deposits made at the request of the Board. In other words, if the Board erroneously required the company to increase the capital deposits under Article 3.15, after the company had increased its capital stock, and the company did so without protest, may the company withdraw from the deposit the increases required to be made by the Board? Or must the company, having made deposit without protest, maintain the deposits so long as there is any liability to policyholders in this State?"

The pertinent parts of Article 3.15, Insurance Code of Texas, are quoted in part as follows:

"Any 'domestic' company may, at its option, deposit with the Treasurer of this State, securities in which its capital stock is invested, or securities equal in amount to its capital stock, of the class in which the law of this State permits such insurance companies to invest their capital stock, and may, at its option, withdraw the same or any part thereof, first having deposited with the treasurer, in lieu thereof, other securities of like class and equal amount and value to those withdrawn . . . the deposit herein provided for, when made by any company, shall thereafter be maintained so long as said company shall have outstanding any liability to its policyholders in this State . . ."

The language contained in the first sentence of Article 3.15 is initially permissive in nature, and no insurance company is required to deposit the securities in which its capital stock is invested, or securities equal in amount to its capital stock with the State Treasurer. Although the statute is silent on this point, we think that, once the insurance company has elected to make an initial deposit of securities with the State Treasurer, a second option arises when the company increases the amount of its capital stock, and under this option the company may elect to deposit with the State Treasurer, securities in which its increased capital stock is invested or securities equal in amount to its increased capital stock. If the company takes this course of action, then, under the terms of this Article, the State Treasurer would execute a receipt to the company, giving a description of the said stock or securities and stating that the same are held on deposit as the capital stock investments of such company. However, should the company elect not to deposit securities in which its increased capital stock is invested, or securities equal to its increased capital stock, then the company would no longer have the right to advertise that the State Treasurer had on deposit securities as "the capital stock investment of such company . . ."

Therefore, in answer to your Question No. 1, we hold that it is not necessary for a company having once exercised its option and made the capital deposits called for in Article 3.15, to make additional deposits with the State Treasurer under Article 3.15 in an amount equal to the increase of its capital stock. However, if such company does not exercise this option, then they can no longer advertise that the State Treasurer has on deposit securities as the capital stock investments of such company.

Although the initial deposit under the terms of this statute is permissive in nature exercisable at the option of the company, once this option is exercised, the company can only withdraw its securities so deposited in accordance with the withdrawal provisions contained in this Article. The language of Article 3.15 is clear and unambiguous and provides for only one method of withdrawal of the securities from the State Treasurer. By that method, the company may "withdraw the same or any part thereof, first having deposited with the treasurer, in lieu thereof, other securities of like class and equal amount and value to those withdrawn." This language clearly indicates that it was the intent of the Legislature that once a company exercised its option to deposit securities with the State Treasurer, that these securities could not be withdrawn except by substituting in lieu thereof securities of like class and equal amount. See Attorney General Opinion No. 0-5051 which holds that, "if the life insurance company withdraws its security, said company must deposit in lieu of the security withdrawn, other securities equal in value to the security withdrawn."

Further substituting the conclusion that deposits once made may not be withdrawn is the language in Article 3.15 that "the deposits herein provided for, when made by a company, shall thereafter be maintained so long as said company shall have outstanding any liability to its policyholders in this State." Manifestly, the deposits permitted to be made by insurance companies are intended by the terms of the statute to be made for the benefit of the policyholders of the insuring company. To permit the company to withdraw deposits once made, particularly in view of the fact that the statute authorizes the company to advertise that it has made such a deposit, would be nothing less than statutory authorization to perpetrate fraud upon policyholders. Further, Article 3.18 of the Texas Insurance Code which refers to deposits permitted under Article 3.16 of securities equal to the amount of the legal reserve of a life insurance company by express language permits such deposits to be withdrawn in the event that these, "deposits exceed the net value of all policies and annuity bonds which it has in force, less such liens (not exceeding such net value) as the company may hold against them, . . ." The absence of such language in Article 3.15 with reference to the deposits made to the extent of capital investments, we think evidences the legislative intent that such withdrawal privilege should not be accorded the companies in connection with deposits made under Article 3.15.

Therefore, in answer to your Question No. 2, an insurance company, once exercising its option under Article 3.15 cannot withdraw from the State Treasurer part of its capital deposit simply because it has by charter amendment reduced the amount of its capital.

In your third question the facts are such that the company originally made a voluntary deposit under the terms of Article 3.15 and, subsequently, increased its deposits at the request of the State Board of Insurance without protest after it had increased the amount of its capital stock. In view of our answer to your first question, the action of the State Board of Insurance in requiring that such a deposit be made would be erroneous. However, we do not believe that under the terms of the statute an answer different from that given in response to your second question would be appropriate. The fact that the company's voluntary action may have been to some measure influenced by an erroneous act on the part of the Board cannot effect the consideration that to now permit the withdrawal of the funds would permit the perpetration of a fraud upon those policyholders who have become policyholders in reliance of the provisions of the statute.

Therefore, in answer to your third question, an insurance company having exercised its option under Article 3.15 to make deposits to the extent of its capital with the Board cannot withdraw such deposits or part thereof from the State Treasurer simply because such deposit was made as the result of an erroneous request on the part of the State Board of Insurance.

## SUMMARY

A life insurance company once having made an initial deposit of securities with the State Treasurer in the amount of its capital pursuant to Article 3.15 of the Texas Insurance Code need not increase such deposit each time it increases its capital stock. If the company does increase its capital stock and does elect not to make additional deposits in the amount of the increase of its capital, such company may not continue to advertise that it has on deposit with the State Treasurer securities as the capital stock investment of such company.

A life insurance company once exercising its option to make a deposit under Article 3.15 cannot withdraw from the State Treasurer part of its capital deposit simply because it has decreased the amount of its capital stock.

A life insurance company increasing the amount of its deposit with the State Treasurer under Article 3.15

on the erroneous request of the State Board of Insurance to do so may not withdraw such increased deposit.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Richard A. Wells
Richard A. Wells
Assistant

RAW:lm

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

John H. Minton, Jr.
Morgan Nesbitt
Wayland C. Rivers, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:
W. V. Geppert